T. JAMES TUMULTY, PLAINTIFF-APPELLANT, v. BOARD OF CHOSEN FREEHOLDERS OF THE COUNTY OF HUDSON AND JERSEY CITY STATIONERS CORP., A CORPORATION, DEFENDANTS-RESPONDENTS.

Argued December 1, 1958—Decided February 16, 1959.

*Mr. Joseph A. Davis* argued the cause for the plaintiff-appellant.

*Mr. Maurice A. Walsh, Jr.,* argued the cause for the defendant-respondent Board of Chosen Freeholders of the County of Hudson (*Mr. William F. Kelly, Jr.,* attorney; *Mr. Maurice A. Walsh, Jr.,* on the brief).

*Mr. Victor Ruskin* argued the cause for the defendant-respondent Jersey City Stationers Corp.

Per Curiam. Plaintiff, a taxpayer, instituted suit attacking the execution and the manner of rescission of the contract sued upon in *Jersey City Stationers Corp. v. County of Hudson*, 29 *N. J.* 159 (1958). The trial court dismissed the complaint on the ground that it failed to state a claim upon which relief could be granted. The basis for the trial court's decision was that the action was premature in that the county had rescinded the contract and no action had been instituted to reinstate or otherwise vindicate the contract. The plaintiff filed an appeal and this court on its own motion certified it prior to its consideration by the Appellate Division in order that this action be considered together with the subsequent suit of *Jersey City Stationers Corp. v. County of Hudson*, for breach of contract.

Plaintiff's complaint alleges that the contract entered into between the county and Stationers was *ultra vires;* that the defendant county has not stated in its rescinding resolution its true grounds for rescission, and that the county and Stationers colluded in "rigging" the specifications to the end that defendant Stationers would be the successful bidder.

Several of the grounds advanced by the plaintiff for invalidating the contract were subsequently raised by the county in defense of Stationers' action for damages. As we have this day decided that that suit must be remanded for a trial of all issues, we have concluded that plaintiff's rights as a taxpayer will be fully protected if he be given leave to intervene in that action. He may of course, at that time raise any reasons which he may have for establishing the invalidity of the contract.

The summary judgment will therefore be affirmed without prejudice to the plaintiff, who will be given the right to intervene upon application in the remand of the case of *Jersey City Stationers Corp. v. County of Hudson.* No costs.

*For affirmance*—Chief Justice Weintraub, and Justices Heher, Wachenfeld, Burling, Jacobs, Francis and Proctor—7.

*For reversal*—None.